IN RE DISBARMENT OF ELMER N. WALEEN.[1]

January 31, 1936.

No. 29,453.

See 190 Minn. 13, 250 N. W. 798.

*Oscar G. Haugland,* for State Board of Law Examiners.

*Elmer N. Waleen, pro se.*

[1] Reported in 264 N. W. 802.

PER CURIAM.

This proceeding by the state board of law examiners for the discipline of a member of our bar is before us on the findings of the Honorable James C. Michael, before whom, as referee, the hearing was had. There is no suggestion that the findings are not sustained. This is not the first time that Mr. Waleen has been found wanting in adherence to the standards of his profession. In re Disbarment of Waleen, 190 Minn. 13, 250 N. W. 798. That decision discloses that the earlier charges were of such serious character as to merit suspension for three years. Two members of the court dissented on the ground that disbarment should not have been postponed.

The former case was argued here September 11, 1933. That date is significant in considering the charge now before us.

In 1930 Mr. Waleen, who then and for some time afterward conducted an insurance agency, had procured for one Stranges a three-year fire policy in the sum of $4,100. Its expiration date was December 13, 1933. Notwithstanding, and while the earlier proceeding for his discipline was pending and just five days before its argument here, that is, on September 6, 1933, respondent called upon Stranges, soliciting an order for renewal of the policy. He did not disclose that his agency for the issuing company had been revoked, as it had been months earlier. He collected ten dollars of the renewal premium. The whole was $35.70, which he collected in instalments. After the first, the dates of payment were October 20 (our decision suspending Waleen for three years was filed November 3), December 6, 1933, January 3, and January 22, 1934.

It was not until May, 1935, that Stranges discovered, not only that respondent had not procured the insurance, but also that none had been gotten from any source. Respondent, according to the findings, "made no serious or sustained effort" to get any policy. Early in May, 1935, Stranges learned the true situation and demanded repayment of his money. May 18 respondent paid ten dollars and June 18 another five dollars. About June 20 complaint was made to the state board of law examiners. Thereafter, June 25, respondent paid another $20 and a day or two later the balance.

Getting the money from his customer under the circumstances stated was bad enough. Permitting the Stranges property to go uninsured while the owner, depending upon the accused to procure the insurance, rested under the latter's assurance that it had been done, is an even graver offense against the plain ethical demand of the situation.

Mr. Waleen's obtuseness as to ethical standards, the indurated nature of which would otherwise be perfectly plain, is spotlighted by the fact that the peculations which are subject matter of the present charge were initiated during the pendency of the earlier proceedings and continued while the case was in this court. They were completed even after our decision.

Respondent's utterly unmoral conduct shows his unfitness for membership in the bar. His ignorance of its standards, or, if he knows them at all, his persistent disobedience of them, brands him as one whom the profession simply cannot retain in justice to itself. The lawyer's work is constantly one of service to others who depend upon him absolutely and have a right to do so. Particularly they expect of an attorney all reasonable endeavors to protect their property interests when they are in hazard from his nonaction. While the relation between Mr. Waleen and Stranges was not professional, his self-assumed duty was of such nature and his default so indicative of an utter lack of that sense of obligation required by the standards of the legal profession that his connection therewith should be severed forthwith.

Judgment of disbarment will be entered.

So ordered.